# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS
### No. 17-1846V
### Filed: December 22, 2025

|  |  |
|---|---|
| DEBORAH SUE HARDIMAN, | Special Master Horner |
| Petitioner, | |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Howard Scott Gold, Gold Law Firm, Wellesley, MA, for petitioner.*
*Tyler King, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On November 28, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] ("Vaccine Act").  (ECF No. 1.)  Petitioner alleged that she suffered a significant aggravation of transverse myelitis as a result of her October 27, 2014 influenza ("flu") vaccination.  (*Id.*)  On January 30, 2023, petitioner filed an amended petition alleging that she suffered a significant aggravation of neuromyelitis optica spectrum disorder ("NMOSD") as a result of her October 27, 2014 flu vaccination.  (ECF No. 80.)  On August 20, 2024, the undersigned issued a decision denying compensation.  (ECF No. 84.)  On March 20, 2025, petitioner filed a motion seeking an award of attorneys' fees and costs.  (ECF No. 88.)  Petitioner seeks $63,813.09, including $45,400.90 for attorneys' fees and $18,412.19 for attorneys' costs.  (*Id.* at 2, 6, 15.)

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the document will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Within this decision, all citations to § 300aa will be to the relevant sections of the Vaccine Act at 42 U.S.C. § 300aa-10, *et seq.*

Respondent filed his response on March 27, 2025.  (ECF No. 89.)  Respondent defers to the court as to whether the statutory requirements for an award of attorneys' fees and costs have been met.  (*Id.* at 2.)  Noting the special master's discretion regarding attorneys' fees and costs and cautioning that determination of fees "should not result in a second major litigation" (*Id.* at 4 (quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011))), "[r]espondent therefore respectfully requests that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs" (*Id.*).

The undersigned has reviewed the billing records submitted with petitioner's request.  (ECF No. 88, pp. 7-15.)  In the undersigned's experience, the request appears reasonable overall, and the undersigned finds no cause to reduce the requested hours or rates.  Additionally, pursuant to Vaccine Rule 13(a)(3), "[t]he failure of respondent to identify with particularity any objection to a request for attorney's fees and costs may be taken into consideration by the special master in the decision."  The costs also appear to be reasonable and sufficiently documented.  (ECF No. 88, pp. 6, 16-26.)

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 300aa-15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards a lump sum of $63,813.09, representing reimbursement of attorneys' fees and costs, to be paid through an ACH deposit to petitioner's counsel of record, Howard Scott Gold's IOLTA account for prompt disbursement.**

The clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.